IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Joshua Lynn Robinson, | ) | Case No 6:25-cv-03523-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Megan Gasser, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's motion for leave to proceed in forma pauperis ("ifp") and motion for temporary restraining order ("TRO") and for preliminary injunction. ECF No. 2, 6. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On May 9, 2025, the Magistrate Judge issued a Report ("the First Report") recommending that the motion for leave to proceed ifp be denied; the same day, the Magistrate Judge issued a Report ("the Second Report") recommending that the motion for TRO and for preliminary injunction be denied. ECF Nos. 9, 10. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Since the issuance of the Report, Plaintiff has filed

17 documents.[1]  ECF Nos. 13, 14, 15, 17, 19, 20, 21, 22, 23, 24, 26,[2] 27, 29, 30, 34, 35, 37.[3]

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  See *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Out of an abundance of caution for a pro se party, the Court has thoroughly reviewed all of Plaintiff's filings and considered them in ruling on this action.  Upon de

---

[1] Plaintiff has also submitted proposed documents, which have been reviewed and considered by the undersigned.  ECF Nos. 12, 25, 28.

[2] The Court notes that the scanned copy of ECF No. 26-1 at 3 is difficult to read.  The undersigned has reviewed the paper copy of this document.

[3] The Court notes that Plaintiff states that several of documents are signed under penalty of perjury.  The Court has so considered them.

novo consideration of the record in this case, the applicable law, and the First Report of the Magistrate Judge, the Court agrees with the recommendation of the Magistrate Judge. Plaintiff, an incarcerated person proceeding pro se, has previously filed at least three cases which qualify as a strike under the Prison Litigation Reform Act, 29 U.S.C. § 1915(g) ("PLRA").  He therefore cannot proceed in forma pauperis unless he satisfies the exception for "imminent danger of serious physical injury" provided by the three-strikes rule. *See id.*; *Torres v. O'Quinn*, 612 F.3d 237, 246 (4th Cir. 2010).  In some of his filings, Plaintiff makes allegations regarding his hand, which was injured during his arrest, and generally states that he is in danger.  ECF No. 13, 14, 15, 17-2, 22, 23, 24, 27.  The Court agrees with the Magistrate Judge that these allegations are "wholly conclusory and lack some basis in the record or complaint."  *See Hall v. United States of America*, 44 F.4th 218 (4th Cir. 2022) (holding that "the district court must determine whether these allegations are supported by the record and whether they rise to the level of imminent danger").  Accordingly, the Court adopts the First Report of the Magistrate Judge and denies Plaintiff's motion for leave to proceed ifp.

In the Second Report, the Magistrate Judge recommends that Plaintiff's motion for TRO and for preliminary injunction be denied.  ECF No. 10.  The Court's review has been de novo.  In part, the Magistrate Judge states that Plaintiff was released and then rearrested; therefore, at least part of the blame for failing to receive medical care for his hand injuries rests with Plaintiff.  ECF No. 10 at 3.  Throughout his filings, Plaintiff takes issue with this finding.  Regardless, the Magistrate Judge has provided several other reasons that the motion should be denied, including that Defendant is not involved in

Plaintiff's medical care and that he is seeking relief that cannot be granted in a § 1983 action. *Id.* Upon de novo review, and in consideration of the relevant factors to be considered upon request for injunctive relief, the Court agrees with the recommendation of the Magistrate Judge and denies Plaintiff's motion for TRO and for preliminary injunction. *See Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n,* 575 F.3d 342, 346–47 (4th Cir. 2009), *vacated on other grounds by* 559 U.S. 1089 (2010), *reinstated in relevant part on remand by* 607 F.3d 355 (4th Cir. 2010).

## CONCLUSION

Accordingly, the Court adopts the recommendations of the Magistrate Judge. Plaintiff's motion for TRO and for preliminary injunction [6] is **DENIED**. Plaintiff's motion to proceed in forma pauperis [2] is **DENIED**. Plaintiff is **DIRECTED** to pay the full filing fee of $405[4] within 21 days of the date of this Order. If Plaintiff chooses not to pay the filing fee by that time, this matter shall be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). Plaintiff's motions for leave to amend [14, 24, 26, 27] are held in abeyance and will be further considered if Plaintiff pays the filing fee. Plaintiff's motion to

---

[4] Effective May 1, 2013, an administrative fee of $50 was added to the filing fee of $350. On December 1, 2023, the administrative filing fee increased to $55. Any check for the filing fee should be made payable to "Clerk, U.S. District Court."

stay [34] is **DENIED** as the Fourth Circuit Court of Appeals has issued an order on Plaintiff's petition for writ of mandamus.[5]

    IT IS SO ORDERED.

                                                                                 s/ Donald C. Coggins, Jr.
                                                                                 United States District Judge

October 21, 2025
Spartanburg, South Carolina

---

[5] Plaintiff is informed that any documents submitted by Plaintiff after today will be reviewed but will not receive a response unless deemed necessary by either the Magistrate Judge or the undersigned.